ISRAEL STONE, a Resident and Taxpayer of the City of New York, Appellant, *v.* THE NEW YORK MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK and Others, Respondents.

*Assignment of members of the New York police force to duty in the sanitary squad — if irregular, the civil service commissioners should not be enjoined from certifying the payrolls — by whom the assignment should be made.*

The fact that the assignment of members of the police force of the city of New York to duty in the sanitary squad, for the enforcement under the direction of the board of health of the provisions of the Sanitary Code and the acts relating to tenement and lodging houses, was irregular in that their fitness was not ascertained in the manner required by the statute, will not justify the municipal civil service commission in refusing to certify the payrolls of the men so

irregularly assigned, as they are entitled to their salaries, not because they are detailed to the service of the board of health, but because they are members. of the police force.

*Semble*, that section 296 of the Consolidation Act (Laws of 1882, chap. 410, as: amd. by chap. 567 of the Laws of 1895), providing that the fitness of the men detailed to duty in the sanitary squad should be ascertained by a special examination conducted by the board of civil service commissioners, was repealed by sections 312 and 1324 of the Greater New York charter (Laws of 1897, chap. 378), which substantially re-enacts section 296 of the Consolidation Act, and provides that the fitness of the men detailed to duty in the sanitary squad shall be determined by the board of police.

APPEAL by the plaintiff, Israel Stone, a resident and taxpayer of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk. of the county of New York on the 23d day of April, 1901, denying his motion for an injunction *pendente lite* and permission to file a. bond herein *nunc pro tunc*.

*S. E. Fairfield*, for the appellant.

*William B. Crowell*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of the court below.

The following is the opinion of SCOTT, J., delivered at Special Term :

SCOTT, J. :

This is a taxpayer's action seeking to restrain the New York municipal civil service commission from certifying the payroll of the officers and men now detailed by the police department to what is known as the sanitary squad for the enforcement, under the direction of the board of health, of the provisions of the Sanitary Code and the acts relating to tenement and lodging houses. The. question sought to be raised is whether or not the fitness of the men so detailed must be ascertained by special examination by the civil service board as provided by section 296 of the Consolidation Act. (Laws of 1882, chap. 410), as amended by chapter 567 of the Laws. of 1895. The defendants contend, and I think successfully, that that section must be deemed to have been repealed because the subject-matter thereof is revised and included in sections 312 and

1324 of the Greater New York charter (Laws of 1897, chap. 378), which substantially re-enact section 296 of the Consolidation Act, as amended by the act of 1895, with such changes as to the number of men to be detailed for special duty as were rendered necessary by the increased area of the present city of New York.

One of those sections provides that the men to be detailed shall be selected for their fitness for the special work required of them, but leaves the determination of that fitness to the board of police, instead of leaving it to be ascertained by a special examination by the board of civil service commissioners. It is not necessary to state at length the argument which leads to this conclusion, for even if the plaintiff's contention were to be sustained and it were to be held that a special examination is still necessary before a detail could lawfully be made, still the present motion could not prevail. The men the payment of whose salaries it is sought to prevent are entitled to those salaries, not because they are detailed to the service of the board of health, but because they are members of the police force of the city of New York. All the civil service commissioners have to ascertain before certifying their payrolls is whether or not they have been properly appointed to the police force. If they have been properly appointed they are entitled to be paid the salaries provided by law. Notwithstanding their detail, whether properly made or not, they still remain members of the police force, subject to police discipline and paid out of moneys appropriated for the payment of salaries of the police force. They are bound to perform such duties as are assigned to them, and if detailed to the sanitary or tenement house squad they have no choice except to perform the duties thus imposed upon them. Even if their assignment to special duty is irregular, that fact does not deprive them of their positions as police officers, or of the right to receive their salaries.

Motion denied, with ten dollars costs.

# Cases